IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERNEST C. SMALLWOOD, JR., ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:17-cv-242-G-BN |
| | § | |
| WILLOW WAY, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

**AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. The undersigned WITHDRAWS his March 6, 2017 Findings, Conclusions and Recommendation of the United States Magistrate Judge [Dkt. No. 29] and issues the following amended findings of fact, conclusions of law, and recommendation on Plaintiffs' respective Agreed Motions to Dismiss Certain Defendants [Dkt. Nos. 24 & 25], the Court's subject matter jurisdiction, and Barrett Daffin Frappier Turner & Engel, LLP 's Motion to Dismiss [Dkt. No. 14].

**Background**

Plaintiffs Ernest C. Smallwood Jr. and Eartha Y. Smallwood ("Plaintiffs" or "the Smallwoods") filed their Original Petition for Temporary Restraining Order and Application for Temporary Injunction against Defendants Willow Way, LLC ("Willow Way"), Bank of America, N.A. ("BOA"), Richard Anderson ("Mr. Anderson"), Anderson

Vela, LLP ("Anderson Vela"), and Barrett Daffin Frappier Turner & Engel, LLP ("Barrett Daffin") in the 116th District Court, Dallas County (the "State Court").

Defendants Willow Way, Mr. Anderson, and Anderson Vela (collectively, the "Removing Defendants") filed answers shortly thereafter. *See* Dkt. No. 1 at 12, 87-91.

The Removing Defendants subsequently removed this case to federal court based solely on diversity jurisdiction under 28 U.S.C. § 1332. *Id.* at 2.

They contend that the Court has diversity jurisdiction over this action because (1) the amount in controversy is satisfied, and (2) Plaintiffs are Texas citizens and Willow Way and Bank of America are not. They acknowledge that Mr. Anderson, Barrett Daffin, and Anderson Vela (the "Non-Diverse Defendants") may be Texas citizens, but contend that their respective citizenships do not destroy diversity because each has been fraudulently and improperly joined.

Barrett Daffin has since filed a Motion to Dismiss [Dkt. No. 14].

The Court "ha[s] a duty to raise the issue of subject matter jurisdiction sua sponte" and, where a case is removed, "must determine whether the district court would have had original jurisdiction had the case been filed there." *H&D Tire & Auto-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 328 (5th Cir. 2000).

Acting upon this duty, the Court ordered the parties to submit briefs explaining whether the Non-Diverse Defendants were properly joined in this action. *See* Dkt. No. 6.

Before the Court determined whether the Non-Diverse Defendants were properly joined, Plaintiffs moved to dismiss the Non-Diverse Defendants. They explain

2

that "[a]ll parties in this action have agreed to [their respective] motion[s]," "as indicated by [each party's] signature" at the end of each motion. Dkt. Nos. 24 at 1 & 25 at 1. Plaintiffs then filed amended notices of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) as to Barrett Daffin because that defendant has not answered or moved for summary judgment. *See* Dkt. Nos. 27 & 28.

Plaintiffs do not indicate whether they wish for the action to be dismissed with or without prejudice. It is thus presumed that Plaintiffs move to dismiss the action without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice.").

For the reasons explained below, the Court should find that (1) Plaintiffs' respective motions to dismiss are permissible unilateral voluntary or stipulated dismissals that are effective without court action; (2) the Court has subject matter jurisdiction over the action; and (3) Barrett Daffin's motion to dismiss is moot.

## Legal Standards and Analysis

I.     Plaintiffs' respective agreed motions to dismiss should be construed as stipulated dismissals, which are effective without court action.

By attempting to voluntarily dismiss their claims against the Non-Diverse Defendants, Plaintiffs necessarily invoke Federal Rule of Civil Procedure 41(a)(1). Rule 41(a)(1) provides that a plaintiff may voluntarily dismiss an action without court order in one of two ways. A plaintiff may dismiss an action under Rule 41(a)(1)(A)(i) by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1). A plaintiff may alternatively dismiss an

3

action under Rule 41(a)(1)(A)(ii) by filing "a stipulation of dismissal signed by all parties who have appeared." *Id.*

As to Barrett Daffin, Rule 41(a)(1)(A)(i) "permit[s] dismissal against such of the defendants as have not served an answer or motion for summary judgment, despite the fact that the case might remain pending against other defendants." *Plains Growers By & Through Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 255 (5th Cir. 1973)

The United States Court of Appeals for the Fifth Circuit "has determined that Rule 41(a)(1)(A)(i) means precisely what it says by stating that only the filing of an answer or motion for summary judgment terminates the plaintiff's unilateral right to dismiss the action by notice. As such, only an answer or a motion for summary judgment will suffice to preclude a plaintiff from dismissing under Rule 41(a)(1)(A)(i). An argument that a filing short of an answer or a motion for summary judgment joins the merits of the case, has consumed significant resources or effort, or is sufficiently equivalent to a motion for summary judgment, will not be heard." *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973-74 (5th Cir. 2015) (per curiam) (citations and internal quotation marks omitted).

No answer or motion for summary judgment has been served or filed by Barrett Daffin in this case. Barrett Daffin has filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, *see* Dkt. No. 14, but the motion presents no basis to convert it into a Federal Rule of Civil Procedure 56 summary judgment motion where it is not

supported by materials outside the pleadings, *see generally Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659, 661 (5th Cir. 1979).

Plaintiffs are therefore entitled to voluntarily dismiss their case against Barrett Daffin, without prejudice, without a court order under Rule 41(a)(1)(A)(i). This is because a proper Rule 41(a)(1)(A)(i) "'notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required.'" *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016) (quoting *In re Amerijet*, 785 F.3d at 973). "Thus, once a plaintiff has moved to dismiss under Rule 41(a)(1)(A)(i), the case [i]s effectively terminated. The court ha[s] no power or discretion to deny plaintiffs' right to dismiss or to attach any condition or burden to that right." *Id.* (citations and internal quotation marks omitted).

But Willow Way, Mr. Anderson, and Anderson Vela had filed answers in this case when it was still before the State Court. *See* Dkt. No. 1 at 12, 87-91. The Fifth Circuit has explained that "under Rule 41(a)(1)(A)(i) an answer under state law is sufficient to preclude voluntary dismissal by notice." *In re Amerijet*, 91 F.3d at 974. As such, if Plaintiffs are to dismiss this action as to Mr. Anderson and Anderson Vela, they must "file a stipulation of dismissal signed by all parties who have appeared" as required by Rule 41(a)(1)(A)(ii).

Plaintiffs have satisfied Rule 41(a)(1)(A)(ii)'s requirements here. Plaintiffs' "motions" make clear that "[a]ll parties in this action have agreed to" dismissing Mr. Anderson and Anderson Vela. Dkt. Nos. 24 at 1 & 25 at 1. It also includes signatures

from each party in this action confirming their agreement. Dkt. Nos. 24 at 2-4 & 25 at 2-4.

Plaintiffs have thus also already dismissed this action, without prejudice, as to Mr. Anderson and Anderson Vela, where their respective motions to dismiss should be construed as stipulated dismissals and therefore no other court action is needed. This is because "[s]tipulated dismissals under Rule 41(a)(1)(A)(ii), like unilateral dismissals under Rule 41(a)(A)(i), require no judicial action or approval and are effective automatically upon filing." *Yesh Music v. Lakewood Church*, 727 F.3d 356, 362 (5th Cir. 2013). Thus, "when the parties file a stipulation of voluntary dismissal pursuant to [Rule 41(a)(1)(A)(ii)], 'any further actions by the court [are] superfluous.'" *Meinecke v. H&R Block of Houston*, 66 F.3d 77, 82 (5th Cir. 1995) (quoting *United States v. Kellogg (Matter of West Texas Mktg. Corp.)*, 12 F.3d 497, 501 (5th Cir. 1994)).

II.    By dismissing the Removing Defendants from this action, Plaintiffs also ensure that this Court has subject matter jurisdiction.

The Removing Defendants removed this action to federal court based solely on Section 1332(a) diversity jurisdiction. Diversity jurisdiction exists where the amount in controversy exceeds $75,000.00 and each plaintiff's citizenship is diverse from each defendant's citizenship. 28 U.S.C. § 1332(a).

There is no question that the amount-in-controversy has been satisfied. In their State Court Petition, Plaintiffs seek to recover damages from Defendants in excess of $200,000.00 in this action. *See* Dkt. No. 1 at 33.

Further, Plaintiffs' decision to dismiss the Non-Diverse Defendants from this action ensures that each plaintiff's citizenship is diverse from each's defendant's citizenship. Although this may not have been the case at the time of removal, the Fifth Circuit has recently explained that "[d]ismissals of non-diverse parties allow for the exercise of diversity jurisdiction, and the propriety of remand in a properly removed case is judged on the basis of the district court's jurisdiction over the claims remaining at the time of remand, not the time of removal." *Jefferson v. Certain Underwriters at Lloyd's London*, 658 F. App'x 738, 743 (5th Cir. 2016).

The Court should find that it has subject matter jurisdiction over this action.

III.   The Court should also terminate Barrett Daffin's Motion to Dismiss as moot.

As explained above, by filing Agreed Motions of Dismissal, Plaintiffs automatically dismissed the Non-Diverse Defendants from this action. Barrett Daffin is one of the Non-Diverse Defendants. Its motion to dismiss is thus moot.

### Recommendation

For the reasons stated herein, the Court should find that (1) Plaintiffs' respective Agreed Motions to Dismiss Certain Defendants [Dkt. Nos. 24 & 25] are stipulated dismissals, which are effective without court action, and that Defendant Barrett Daffin Frappier Turner & Engel, LLP has been voluntarily dismissed under Federal Rule of Civil Procedure 41(a)(1)(A)(i) and Defendants Richard Anderson and Anderson Vela, LLP have been voluntarily dismissed under Federal Rule of Civil Procedure 41(a)(1)(A)(ii); (2) the Court has subject matter jurisdiction over this action; and (3) Barrett Daffin's Motion to Dismiss [Dkt. No. 14] is moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 7, 2017

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE