IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERNEST C. SMALLWOOD, JR., ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:17-cv-242-G-BN |
| | § | |
| WILLOW WAY, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

**AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge

for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference

from United States District Judge A. Joe Fish. *See* Dkt. No. 3.

Bank of America N.A. ("BOA") and Willow Way LLC, Richard Anderson, and

Anderson Vela LLP (the "Willow Way Defendants") have each filed a Motion to

Dismiss. *See* Dkt. Nos. 8 & 19.

Shortly after the Willow Way Defendants filed their Motion to Dismiss, the

Court dismissed the Smallwoods' claims against Richard Anderson and Anderson Vela

LLP without prejudice, *see* Dkt. Nos. 30 & 36, making the Willow Way Defendants'

Motion to Dismiss moot as to Richard Anderson and Anderson Vela LLP.

Without asking for leave to do so, Plaintiffs Ernest C. Smallwood Jr. and Eartha

Y. Smallwood ("Plaintiffs" or "the Smallwoods") then filed an untimely response, after

the deadlines provided by the Court. *See* Dkt. Nos. 11 & 21 (setting deadlines by which

the Smallwoods were required to respond to Defendants' respective Motion to Dismiss).

Defendants have not filed a reply, and the deadline to do so has passed.

After reviewing the parties' respective briefs, the undersigned entered Findings, Conclusions, and Recommendations to the Court as to Defendants' Motions to Dismiss, which were withdrawn shortly thereafter. *See* Dkt. No. 41.

The undersigned now concludes, in this Amended Findings, Conclusions, and Recommendation, that the Court should grant Defendants' Motions to Dismiss [Dkt. Nos. 8 & 19].

## Background

On or about October 4, 2004, the Smallwoods purchased a home (the "Property") after executing a Promissory Note ("the Note") and a Deed of Trust with Countrywide Home Loans.

About four years later, on April 4, 2008, the Smallwoods were declared to be in default, prompting Barrett Daffin Frappier Turner & Engal, a law firm previously in this suit, to "sen[d] Plaintiffs a Notice that Countrywide Home Loans elected to [accelerate] the Note" and declare that "the entire balance of the Note, along with all accrued interest" was due immediately. Dkt. No. 1, Ex. 4(C) at 4.

An "Assignment of Mortgage/Deed of Trust" (the "Assignment"), executed on or about April 4, 2011, was filed with the Dallas County Clerk." *Id*. The Assignment purports to assign the Note and Deed of Trust from Countrywide Home Loans to Bank of New York Mellon ("BONYM") and is signed by Mary Herman. Ms. Herman is described as MERS's Assistant Secretary.

2

BONYM sold its interest in the Property to Defendant Willow Way, LLC for $550,000.00 in 2016. Willow Way then filed an action to evict and remove the Smallwoods from possession of the Property.

The Smallwoods filed this lawsuit shortly thereafter. In their Original Petition for Temporary Restraining Order and Application for Temporary Injunction ("State Court Petition"), the Smallwoods bring a statute of limitations claim as well as claims for quiet title & trespass to try title, negligent misrepresentation, intentional infliction of emotional distress ("IIED"), breach of contract, and breach of common law tort of unreasonable collection efforts. They appear to ask the Court for a declaration that "the foreclosure sale [is] void and invalid" and that the sale of the Property from BONYM to Willow Way in 2016 is consequently also void and invalid. They also seek a temporary restraining order, other injunctive relief, damages, and attorneys' fees.

The Smallwoods allege that handwriting expert Curt Baggett found that Ms. Herman is a "'robo-signer' [who] has never been appointed by MERS," and who "did not have the requisite authority to sign on behalf of MERS or Countrywide Home Loans, had no personal knowledge of the facts involved in the assignment of the deed of trust, has never seen or learned whether the loan was actually assigned, never viewed the Note securing the deed of trust, and never obtained a Declaration of Default from any entity." *Id.* at 4-5.

They further allege that, "[t]o date, no party has foreclosed on Plaintiff's property, within the 4-year statutory period." *Id.* at 6.

Willow Way argues that Richard Anderson and Anderson Vela LLP are immune from this suit due to their status as attorneys. *See* Dkt. No. 20 at 6-7. But these parties are no longer in this action so the undersigned will not consider these arguments on these motions.

Defendants also note that, on February 20, 2015, the Smallwoods filed a lawsuit (the "2015 Lawsuit") against BOA and BONYM in response to a threatened foreclosure, which occurred some time after the Smallwoods filed the 2015 Lawsuit. *See Smallwood v. Bank of America N.A., et al.*, Case No. 3:15-cv-601-M-BK; *see also* Dkt. No. 38 at 2 (the Smallwoods noting that "Willow Way has admitted that its claim to ownership is based on a foreclosure sale conducted on March 3, 2015"). Defendants contend that the Smallwoods' causes of action in this lawsuit "are premised on the same baseless allegations and arise out of the same transaction as those dismissed by this very court in [the 2015 Lawsuit]." Dkt. No. 8-1 at 6; *see also* Dkt. No. 20 at 2.

In the 2015 Lawsuit, the Smallwoods also challenged the Assignment, but for different reasons than they assert in this action. Rather than arguing that Ms. Herman is a robo-singer without authority to act on behalf of either MERS or BONYM, they argued that "the transfer of interest from MERS to [BONYM] was invalid because Countrywide never assigned the Note and/or Deed of Trust to MERS, so MERS did not have an interest in the [P]roperty to transfer to [BONYM]." *Smallwood v. Bank of America, N.A.*, No. 3:15-cv-601-M, 2015 WL 7067864, at *1 (N.D. Tex. Oct. 28, 2015).

4

And they brought claims for quiet title and trespass to try title and sought a declaratory judgment, injunctive relief, and monetary damages on this basis.

The Court found that "the rights granted to MERS in [the] deed of trust give it the power to foreclose and sell the property, and the power to assign those rights" and dismissed Plaintiffs' claims with prejudice. *See id.* at *3-*4. The Smallwoods appealed to the United States Court of Appeals for the Fifth Circuit, which affirmed the Court's decision. *See Smallwood v. Bank of America N.A.*, 670 F. App'x 333, 333-34 (5th Cir. Nov. 11, 2016) (describing the magistrate judge's recommendation advising the dismissal of the Smallwoods' "meritless" claims as "thorough and convincing").

In the event that the Court finds that the 2015 Lawsuit does not preclude this one, Defendants alternatively argue under Federal Rule of Civil Procedure 12(b)(6) that the Smallwoods have failed to state a claim as to any of their causes of action.

In their late-filed response, the Smallwoods respond that they "specifically pleaded ... a cause of action based upon the Texas four year statute of limitations." Dkt. No. 38 at 1. They do not contest Defendants' arguments that this claim is barred by res judicata or that they have failed to plausibly state any other claim of relief. *See generally id.* at 1-3.

The undersigned concludes that the Smallwoods' claims for violation of the statute of limitations, quiet title and trespass to try title, negligent misrepresentation, and breach of common law tort of unreasonable collection efforts should be dismissed with prejudice and that their claims for breach of contract and IIED should be dismissed without prejudice.

**Legal Standards**

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic

recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495

F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion

under Rule 12(b)(6) when deciding such a motion" – although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties." *Turnage v. McConnell Techns., Inc.* __ F. App'x __, No. 16-60291, 2016 WL 7209719, at *2 (5th Cir. Dec. 12, 2016). The United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Id.* (internal quotation marks and citations omitted).

District courts within the Fifth Circuit have divided as to whether a fair-notice standard continues to apply to pleading affirmative defenses or whether *Twombly* and *Iqbal*'s plausibility standard applies, and the "Fifth Circuit has not addressed this issue." *Brush v. Wells Fargo Bank, N.A.*, 911 F. Supp. 2d 445, 484 (S.D. Tex. 2012). But, whatever may be the standard for pleading an affirmative defense under Federal Rule of Civil Procedure 8(b) – a question with which the Court is not presently confronted – the *Twombly* and *Iqbal* plausibility standard applies to pleading any "claim for relief" under Rule 8(a)'s requirements – whether as a plaintiff's claim or a defendant's counterclaim. *See* Fed. R. Civ. P. 8(a); 5 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1205 (3d ed. 2013) ("Rule 8(a) applies not only to an original claim contained in a complaint, but also to a pleading containing a claim for relief that takes the form of a counterclaim, cross-claim, or third-party claim."); *see*

*generally Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 576-77 (5th Cir. 1996) (affirming a Rule 12(b)(6) dismissal of a counterclaim).

## Analysis

I.   Several of the Smallwoods' claims are precluded by the 2015 Lawsuit; the Court <u>should dismiss these claims with prejudice.</u>

Defendants first argue that the Smallwoods' claims should be dismissed under the doctrine of res judicata and, in particular, claim preclusion. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'").

Because the lawsuit that potentially has preclusive effect occurred in federal court, the undersigned applies the res judicata law in this Circuit. *Cf. Welsh v. Fort Bend Independent School District*, __ F.3d __, No. 16-20538, 2017 WL 2684490, at *2 (5th Cir. June 22, 2017) ("Because *Welsh I* occurred in Texas state court, we apply Texas res judicata law.").

Courts may properly dismiss an action under Rule 12(b)(6) based on an affirmative defense if, in light of "the facts pleaded and judicially noticed," it is clear that the case should be dismissed. *See Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008) (per curiam) (citing *Kansa Reinsurance Co., Ltd. v. Cong. Mortgage Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994) ("If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper.")).

10

Accordingly, to evaluate Defendants' argument, the undersigned "now takes judicial notice of the prior litigation which took place in the United States District Court for the [Northern] District of Texas ..., the Fifth Circuit Court of Appeals, and the U.S. Supreme Court." *Hall v. U.S.*, No. 6:06-cv-528, 2008 WL 276397, at *3 (E.D. Tex. Jan. 30, 2008). The Court specifically takes judicial notice of the following documents relating to the 2015 Lawsuit, *Smallwood v. Bank of America N.A., et al.*, Case No. 3:15-cv-601-M-BK:

·     The Smallwoods' Complaint, Dkt. No. 1;

·     The Smallwoods' Amended Complaint, Dkt. No. 10;

·     The United States Magistrate Judge's Findings, Conclusions, and Recommendation on BOA and BONYM's Motion to Dismiss, Dkt. No. 28; *Smallwood v. Bank of America, N.A.*, No. 3:15-cv-601-M, 2015 WL 7067864 (N.D. Tex. Oct. 28, 2015);

·     The United States District Judge's Order Accepting the above Findings, Conclusions and Recommendations, Dkt. No. 30; *Smallwood v. Bank of America, N.A.*, No. 3:15-cv-601-M-BK, 2015 WL 7069341 (N.D. Tex. Nov. 12, 2015); and

·     The United States Court of Appeals for the Fifth Circuit's Decision Affirming the above-referenced District Court Order, *Smallwood v. Bank of America, N.A.*, 670 F. App'x 333 (5th Cir. Nov. 11, 2016).

*See Hall*, 2008 WL 276397 at *3-*7 (advising the district court to dismiss claims as precluded under res judicata after taking judicial notice of various complaints and orders in a prior litigation).

Under the doctrine of claim preclusion, "'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could

have been raised in that action.'" *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

Claim preclusion is available where the plaintiff previously sought injunctive relief or monetary damages (as opposed to exclusively declaratory relief) in a prior lawsuit, as is the case here. *See* Dkt. No. 1, Ex. 4(C) at 15-16 (indicating that the Smallwoods sought injunctive relief and monetary damages in their prior suit). The Fifth Circuit has explained that "[p]arties would be deterred from using [the] efficient process [that a declaratory judgment action provides] if it would bar all later claims arising out of the same dispute." *ASARCO, L.L.C. v. Montana Resources, Inc.*, __ F.3d __, __, No. 16-40682, 2017 WL 2407451, at *3 (5th Cir. June 2, 2017) (citing *Kaspar Wire Works, Inc. v. Leco Engineering & Machine, Inc.*, 575 F.2d 530, 537 (5th Cir. 1978)). But, when a party seeks injunctive relief or monetary damages on the same claim, the action "cannot be characterized as anything other than a full-scale legal contest." *Id.* (citations and internal quotation marks omitted).

To invoke the doctrine of claim preclusion, the moving party must also satisfy four elements: "'(1) the parties to both actions [must be] identical (or at least in privity); (2) the judgment in the first action [must be] rendered by a court of competent jurisdiction; (3) the first action [must have] concluded with a final judgment on the merits; and (4) the same claim or cause of action [must be] involved in both suits.'" *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir. 2004) (quoting *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000)).

"Th[e] court determines whether two suits involve the same claim or cause of action by applying the transactional test of the RESTATEMENT (SECOND) OF JUDGMENTS, § 24." *U.S. v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (citing *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004)). Under the transactional test, "[t]he nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, defines the claim." *Id.* (citing *Agrilectric Power*, 20 F.3d at 665). Legal theories do not arise out of the same nucleus of operative facts when those facts have not occurred by the time the first suit is initiated. *See Welsh*, __ F.3d, at __, 2017 WL 2684490, at *4 (rejecting "FBISD's argument that," under Texas law, "Welsh was required to amend her petition in *Welsh I* to include claims that were not mature at the time of filing *Welsh I*" and "specifically reject[ing] the idea that every time something happens after a lawsuit is filed the plaintiff must immediately amend or risk losing that claim forever."); *accord Meachum v. Bank of New York Mellon Trust Co. N.A.*, No. 3:13-cv-2322-N-BF, 2014 WL 7906638, at *5 (N.D. Tex. Dec. 16, 2014), *adopted in part, rejected in part*, 2015 WL 765982 (N.D. Tex. Feb. 20, 2015), *aff'd* 636 F. App'x 510 (5th Cir. 2016).

"If these conditions are satisfied, all claims or defenses arising from a 'common nucleus of operative facts' are merged or extinguished." *Id.* (quoting *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663 (5th Cir. 1994)).

The Smallwoods do not appear to dispute that some or all of their claims are precluded by the 2015 Lawsuit in their late-filed response and have arguably waived

their right to do so. *See Stearman v. C.I.R.*, 436 F.3d 533, 537 (5th Cir. 2006) ("Whatever arguments Stearman may have on appeal on why dismissal for failure to state a claim was improper are waived because he did not raise them in his invective-filled response to the motion.").

But the undersigned would conclude that most of Plaintiffs' claims are barred by claim preclusion regardless. Defendants have satisfied their burden as the moving party to demonstrate that the 2015 Lawsuit bars the Smallwoods from bringing their claims for violation of the statute of limitations, quiet title and trespass to try title, negligent misrepresentation, and breach of common law tort of unreasonable collection efforts.

First, the parties in this action are identical or in privity with the parties in the 2015 Lawsuit. The Smallwoods brought suit against BOA in the 2015 Lawsuit and this action. And, although they did not sue Willow Way in the first action, they did sue BONYM – the party from whom Willow Way purchased whatever interest it has in the Property. Willow Way is therefore in privity with BONYM with respect to rulings relating to the Property. *See Taylor*, 553 U.S. at 894 (listing "preceding and succeeding owners of property" among the "variety of pre-existing 'substantive legal relationship[s]' between the person to be bound and a party to the judgment" that may justify nonparty preclusion).

Second, the judgment in the first action was rendered by a "court of competent jurisdiction" – the United States District Court for the Northern District of Texas.

Third, the judgment in the 2015 Lawsuit dismissed all of the Smallwoods' causes of action with prejudice for failure to state a claim and is therefore a final judgment on the merits. *See Federated Ept. Store, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'").

The fourth requirement – that both suits involve the "same" claims or causes of action – is also satisfied as to their claims for violation of the statute of limitations, quiet title and trespass to try title, negligent misrepresentation, and breach of common law tort of unreasonable collection efforts.

These claims concern Defendants' right to foreclose on the same piece of property. *See Mahlin v. GMAC Mortg. LLC*, No. 3:13-cv-906-M-BK, 2013 WL 6153289, at *3 (N.D. Tex. Nov. 22, 2013) (finding that "the same claims and causes of action are involved" because "Plaintiff's claims in both cases concern the eviction and foreclosure proceedings on [the same] property"). They were also ripe for the Court to consider in the 2015 Action. That is, these claims arose out of facts that had occurred by the time the Smallwoods initiated their 2015 Action on February 20, 2015. In particular:

- The Smallwoods' quiet title and trespass claims are based on the alleged illegitimacy of the Assignment, which, under their theory, would have been illegitimate in 2011;

- The Smallwoods' statute of limitations claim appears to be based on their allegation that Defendants were required to foreclose on the Property by April 4, 2012 – years before the 2015 Lawsuit was filed. *See* Dkt. No. 4(C) at 6-7 (noting that Defendants were required to foreclose "not later than four years after the day the cause of action accrues" and that "the Note was declared in default and accelerated on April 4, 2008");

15

• The Smallwoods' negligent misrepresentation claim appears to be based on alleged misrepresentations relating to Defendants' right to foreclose that occurred on April 4, 2008 – again, years before the 2015 Lawsuit was initiated. *See id.* at 4 (noting that on April 4, 2008, [Barrett Daffin] sent Plaintiffs a Notice of Acceleration); *id.* at 10 (alleging that Barrett Daffin made the negligent misrepresentation that appears to be the basis of this claim against the current and former defendants); and

• The Smallwoods' claim for breach of common law tort of unreasonable collection efforts are based on their allegation that Defendants failed to provide them a chance to cure a default that occurred on April 4, 2008.

In short, in both actions, the Smallwoods challenge the defendants' right to foreclose on the same piece of property based on the parties' respective obligations on the same Note and Deed of Trust. And each of the claims identified above could have been brought in the 2015 Action.

For these reasons, the undersigned concludes that, under the doctrine of claim preclusion, the Smallwoods are barred from bringing their claims for violation of the statute of limitations, quiet title and trespass to try title, negligent misrepresentation, and breach of common law tort of unreasonable collection efforts. The Court should dismiss these claims with prejudice.

II.    The Court should dismiss the Smallwoods' breach of contract claim without <u>prejudice.</u>

As an initial matter, the undersigned concludes that the Smallwoods are not precluded from bringing their breach of contract claim due to the 2015 Lawsuit.

The Smallwoods' claim for breach of contract is based on their allegation that Defendants "failed to abide by the obligations of the Lender in the ... Deed of Trust and the statu[t]es by failing to obtain a court order as required prior to attempting to

foreclose and proceeding with [a] foreclosure." Dkt. No. 1, Ex. 4(C) at 11. That is, it is based on the actual foreclosure, which had yet to occur when the Smallwoods initiated their first suit. As a result, the Smallwoods' breach of contract claim is based on facts that "had not occurred at the time of the prior suit," and is not precluded by the 2015 Lawsuit. *See ASARCO*, __ F.3d at __, 2017 WL 207451, at *5 (explaining that courts have found a claim to be precluded when "the claim asserted in the later suit had accrued at the time of the first suit that did not include the claim – that is, the statute of limitations began running on [those] claims"); *see also Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (explaining that a breach of contract claim accrues "when a wrongful act causes some legal injury").

The Court should nevertheless dismiss the Smallwoods' breach of contract claim because they fail to state a claim on which relief could be granted on that basis.

The Smallwoods appear to allege that Willow Way and BOA "have violated the HEL Deed of Trust [and] the Purchase Money Deed of Trust" by "failing to obtain a court order as required prior to attempting to foreclose and proceeding with the foreclosure." *See* Dkt. No. 1, Ex. 4(C) at 11. They also allege that BOA and Willow Way "violated the HEL Deed of Trust by misrepresenting and attempting to make the indebtedness a 'recourse' loan in violation of ... the HEL Deed of Trust" and that "Defendants failed to comply with the Deed of Trust ... [by] failing to give Plaintiffs the opportunity ... to reinstate or cure the default." *See id*. at 11-12.

These allegations are not sufficient to state a claim.

In Texas, "'[t]he essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App. Houston – 2001)).

The Smallwoods fail to allege facts sufficient to satisfy these elements here for at least two reasons.

First, the Smallwoods fail to identify the specific contract provision(s) to which Defendants were required to comply but purportedly breached. *See Duran v. Bar-S Foods Co.*, No. H-15-788, 2015 WL 3466231, at *3 (S.D. Tex. June 1, 2015) ("Plaintiff must clarify in his amended complaint the precise contract on which he sues, when it was made, who the signatures were, what provisions or terms were breached, and when the breach occurred.").

Second, the Smallwoods have failed to plead facts indicating that they performed under the contract or that they are excused from performance. They have specifically failed to plead that they are not in default. *See Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) ("[A] party to a contract who is [herself] in default cannot maintain a suit for its breach"). Nor is it apparent that they can. The Smallwoods appear to admit that they are in default. *See* Dkt. No. 1, Ex. 4(C) at 12 (charging Defendants with "failing to give Plaintiffs the opportunity afforded them under the Deed of Trust and statu[tes]

18

to reinstate or cure the default, and intentionally misle[ading] Plaintiffs as to their rights").

The Court should dismiss the Smallwoods' breach of contract claim on this basis – though without prejudice. The Smallwoods might be able to plead facts indicating that their apparent default was excused.

III.    The Court should dismiss the Smallwoods' IIED claim without prejudice.

The Smallwoods' IIED claim is not precluded because they could not have brought that claim at the time they filed the 2015 Lawsuit. Like their breach of contract claim, their IIED claim is based on Defendants' purported wrongful foreclosure, which had not occurred by the time they filed the 2015 Lawsuit.

The Court should nevertheless dismiss the Smallwoods' IIED claim for failure to state a claim on which relief can be granted.

To bring a claim for intentional infliction of emotional distress, "a plaintiff must prove that (1) the defendant acted intentionally or recklessly, (2) the conduct was 'extreme and outrageous,' (3) the actions of the defendant caused the plaintiff emotional distress, and (4) the resulting emotional distress was severe.' *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998) (citing *Twyman v. Twyman*, 855 S.W.2d 619, 621-22 (Tex. 1993)). Extreme and outrageous conduct is conduct that is "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Twyman*, 855 S.W.2d at 65 (quoting RESTATEMENT (SECOND) OF TORTS § 46 (1965)). "It is the Court's job to determine whether a defendant's conduct was

19

extreme and outrageous in the first instance." *Hoffman-La Rouche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004) (citing *GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605, 616 (Tex. 1999); RESTATEMENT (SECOND) OF TORTS § 46). It is only a question for a jury to determine where "reasonable minds may differ." *Id.*

Here, the Smallwoods allege that "Defendants proceed[ed] to foreclosure upon the property of Plaintiff without obtaining a court order in compliance with the Deed of Trust, [and in] violation of the Statute of Limitations, Texas Rules of Civil Procedure and the Texas Constitution" and that these are "intentional acts that are extreme and outrageous ... and caused [them] to suffer emotional distress." Dkt. No. 1 at 41-42.

These allegations are not sufficient to state an IIED claim against Defendants. As another judge in this district has explained, "allegations centering on foreclosure and contract issues are far from the type of allegations of outrageous and intolerable conduct required to sustain a claim for intentional infliction of emotional distress." *Strange v. Flagstar Bank, FSB*, No. 3:11-cv-2642-B, 2012 WL 987584, at *5 (N.D. Tex. March 22, 2012) (citing *Mann v. Amer. Fed. Life Ins., Co.*, 146 F.3d 868, No. 97-60810, 1998 WL 327238, at *3 (5th Cir. June 2, 1998)).

The Court should dismiss the Smallwoods' IIED claim – but, because it is not clear that they have pleaded their best case – without prejudice.

IV.   **The Court should deny Plaintiffs' requests for declaratory judgment and the** <u>**other forms of relief they seek.**</u>

The Smallwoods purport to bring a "cause of action" for "declaratory judgment." Dkt. No. 1, Ex. 4(C) at 7. They specifically "seek a declaration that Defendants are

barred from bringing a suit for the recovery of the property in question and cannot foreclose on the Plaintiffs['] property." *Id.* They also seek a temporary restraining order, injunctive relief, and damages. *See id.* at 13-16.

"'When a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act.'" *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, No. No. H-12-1448, 2012 WL 3187918, at *7 (S.D. Tex. Aug. 2, 2012) (quoting *Bell v. Bank of America Home Loan Servicing LP*, No. 4:11-cv-2085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012)). "The federal Declaratory Judgment Action does not create a substantive cause of action but, instead, is merely a procedural vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *Id.* (citing *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227 (1937); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1178 (5th Cir. 1984)). Accordingly, in a declaratory judgment action, "there must be a substantial and continuing controversy between two adverse parties." *Id.* (quoting *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003)).

Likewise, "[u]nder Texas law, a request for injunctive relief is not itself a cause of action." *See Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 708 (N.D. Tex. 2011) (citations omitted). Injunctions also depend on a live dispute between the parties as to some underlying cause or causes of action. *See id.*

Because the Court should dismiss the underlying causes of action, either with or without prejudice, the Court should also deny without prejudice Plaintiffs' request for declaratory judgment, a temporary restraining order, and the other forms of relief they seek.

## Recommendation

For the reasons explained above, the Court should grant Defendant Bank of America, N.A.'s Motion to Dismiss [Dkt. No. 8] and Willow Way LLC, Richard Anderson and Anderson Vela's Motion to Dismiss [Dkt. No. 19]. In particular, the Court should dismiss with prejudice Plaintiffs Ernest C. Smallwood Jr. and Eartha Y. Smallwood's claims for violation of the statute of limitations, quiet title and trespass to try title, negligent misrepresentation, and breach of common law tort of unreasonable collection efforts, dismiss without prejudice Plaintiffs' claims for breach of contract and intentional infliction of emotional distress, and deny without prejudice Plaintiffs' requests for declaratory judgment, a temporary restraining order, and the other forms of relief that they seek.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

22

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 29, 2017

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

23