IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERNEST C. SMALLWOOD, JR., ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:17-cv-242-G-BN |
| | § | |
| WILLOW WAY, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge A. Joe Fish. *See* Dkt. No. 3.

In an Amended Findings, Conclusions, and Recommendation dated June 29, 2017, the undersigned concluded that the Court should dismiss with prejudice some of the Plaintiffs Ernest C. Smallwood, Jr., and Eartha Y. Smallwood's claims, including their statute of limitations claim. *See* Dkt. No. 42.

Only Defendant Willow Way, LLC, filed objections, *see* Dkt. No. 44, and the Court subsequently entered an Order Accepting the undersigned's Amended Findings, Conclusions, and Recommendation. *See* Dkt. No. 46.

Plaintiffs Ernest C. Smallwood, Jr., and Eartha Y. Smallwood have now filed their Motion for Reconsideration of Approval of Findings and Conclusions of Magistrate and to Set Aside Certain Findings and Conclusions of Magistrate. *See* Dkt. No. 53.

1

They ask the Court to enter an order reinstating their claim to void the Substitute Trustee's Deed based on the statute of limitations, or, in the alternative, dismissing it without prejudice. *See id.* at 3.

For the reasons explained below, the Court should grant Plaintiffs' Motion for Reconsideration of Approval of Findings and Conclusions of Magistrate and to Set Aside Certain Findings and Conclusions of Magistrate [Dkt. No. 53] and reinstate the Smallwoods' statute of limitations claim.

**Background**

In October 2004, Plaintiffs Ernest C. Smallwood, Jr., and Eartha Y. Smallwood ("the Smallwoods") purchased property by executing a note (the "Note") in favor of Countrywide Home Loans, Inc. and secured by a deed of trust (the "Deed of Trust").

About four years later, on April 4, 2008, the Smallwoods were declared to be in default, and the Note was accelerated.

The Deed of Trust was later assigned to Bank of New York Mellon ("BNYM"), and a formal assignment was recorded on April 19, 2011.

On February 20, 2015, the Smallwoods filed a lawsuit (the "2015 Lawsuit") against Bank of America, National Association ("Bank of America") and BNYM in response to a threatened foreclosure, which occurred some time after the Smallwoods filed the 2015 Lawsuit. *See Smallwood v. Bank of America N.A., et al.*, Case No. 3:15-cv-601-M-BK; *see also* Dkt. No. 38 at 2 (the Smallwoods noting that "Willow Way has admitted that its claim to ownership is based on a foreclosure sale conducted on March 3, 2015").

BNYM eventually sold its interest in the Property to Defendant Willow Way, LLC ("Willow Way") in 2016. Willow Way then filed an action to evict and remove the Smallwoods from possession of the Property.

The Smallwoods filed this lawsuit shortly thereafter. In their Original Petition for Temporary Restraining Order and Application for Temporary Injunction ("State Court Petition"), the Smallwoods assert, against multiple defendants, multiple claims, including a statute of limitations claim and claims for quiet title and trespass to try title, negligent misrepresentation, intentional infliction of emotional distress ("IIED"), breach of contract, and breach of common law tort of unreasonable collection efforts.

Defendants Bank of America and Willow Way, the only defendants now remaining in the action, filed motions to dismiss, *see* Dkts. No. 8, 19, contending that the Smallwoods' causes of action in this lawsuit are precluded by the 2015 Lawsuit.

Defendants alternatively argued under Federal Rule of Civil Procedure 12(b)(6) that the Smallwoods had failed to state a claim as to any of their causes of action.

In their late-filed response, the Smallwoods responded that they "specifically pleaded ... a cause of action based upon the Texas four year statute of limitations." Dkt. No. 38 at 1. They did not contest Defendants' arguments that the statute of limitations claim is barred by res judicata and that they had failed to plausibly state any other claim of relief.

In an Amended Findings, Conclusions, and Recommendation dated June 29, 2017, the undersigned concluded that Bank of America and Willow Way's motions to dismiss should be granted and that the Smallwoods' claims for violation of the statute

of limitations, quiet title and trespass to try title, negligent misrepresentation, and breach of common law tort of unreasonable collection efforts should be dismissed with prejudice and that their claims for breach of contract and IIED should be dismissed without prejudice.

After considering the only objections filed – those by Willow Way – the Court entered an order accepting the undersigned's Amended Findings, Conclusions, and Recommendation. The Court also entered judgment but soon after vacated that judgment as premature.

On September 27, 2017, the Smallwoods filed their Motion for Reconsideration of Approval of Findings and Conclusions of Magistrate and to Set Aside Certain Findings and Conclusions of Magistrate that is before the Court (the "Motion for Reconsideration"), arguing that the undersigned's conclusion as to their statue of limitations claim was incorrect.

**Legal Standards**

Federal Rule of Civil Procedure 54(b) provides that, in a case involving multiple claims or parties, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties … may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th

Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) (citing FED. R. CIV. P. 54(b)), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1995)).

## Analysis

I.  The Smallwoods' statute of limitations claim should not be dismissed because it did not involve the same claims or causes of action as the 2015 Lawsuit.

The undersigned previously recommended dismissing the Smallwoods' statute of limitations claim because the four elements of claim preclusion were satisfied to bar the Smallwoods from asserting claims that were or should have been raised in their 2015 Lawsuit: (1) "the parties in this action are identical or in privity with the parties in the 2015 Lawsuit," Dkt. No. 42 at 14; (2) "the judgment in the first action was rendered by a 'court of competent jurisdiction' – the United States District Court for the Northern District of Texas," *id.*; (3) "the judgment in the 2015 Lawsuit dismissed all of the Smallwoods' causes of action with prejudice for failure to state a claim and is therefore a final judgment on the merits," *id.* at 15; and (4) "both suits involve the 'same' claims or causes of action," *id.*

In their Motion for Reconsideration, the Smallwoods question the undersigned's conclusion as to the fourth element of claim preclusion. The undersigned previously concluded that the same claims or causes of action element was satisfied, and that the Smallwoods' statute of limitations claim should have been raised in their 2015 Lawsuit, because the claim is "based on their allegation that Defendants were required

5

to foreclose on the Property by April 4, 2012 – years before the 2015 Lawsuit was filed." *Id.*

In their Motion for Reconsideration, the Smallwoods argue that their statute of limitations claim in this case did not involve the same claim or causes of action as the 2015 Lawsuit because their claim is based on the foreclosure sale that occurred after they filed the 2015 Lawsuit. The Smallwoods point out that they, in their State Court Petition, specifically allege that the foreclosure is void because of when the sale occurred – more than four years after the note was accelerated and more than one week after the 2015 Lawsuit was filed. *See* Dkt. No. 53 ¶ 3.

The undersigned agrees, and concludes that, because the Smallwoods' statute of limitations claim is based on the date of the actual foreclosure sale, and not the date on which Bank of America was required to foreclose, their statute of limitations claim is not precluded by the 2015 Lawsuit.

Defendant Bank of America argues that the Smallwoods' motion should be denied because it is a Federal Rule of Civil Procedure 60(b)(6) motion for relief from judgment and the Smallwoods have not shown that "extraordinary circumstances are present" as Rule 60(b)(6) requires.

The Smallwoods contend that their motion is not subject to the standard of Rule 60(b)(6) because no judgment has been filed in this case and because, as contemplated in *Douglass v. United Services Automobile Association*, 79 F.3d, 1415, 1417 (5th Cir. 1996), the Court has authority to reconsider a magistrate judge's findings and conclusions based on plain error.

6

The undersigned concludes that, because the Smallwoods have an opportunity to seek leave to replead at least some of their claims in the this case, and in light of the Court's authority to review a magistrate's findings, conclusions, and recommendation for plain error, the Smallwood's motion is not subject to the "extraordinary circumstances" standard of Rule 60(b)(6).

Federal Rule of Civil Procedure 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for a variety of enumerated reasons. FED. R. CIV. P. 60(b). "[T]he Rule's catchall category, subdivision (b)(6) ... permits a court to reopen a judgment for 'any other reason that justifies relief.'" *Buck v. Davis*, 137 S. Ct. 759, 777 (2017) (quoting FED. R. CIV. P. 60(b)(6)). "Rule 60(b) vests wide discretion in courts, but ... Rule 60(b)(6) is available only in 'extraordinary circumstances,'" *Id.*; *accord Diaz v. Stephenz*, 731 F.3d 370, 374 (5th Cir. 2013). "[I]n determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Buck*, 137 S. Ct. at 778; *see also Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993) ("As for a motion under clause (6), the movant must show the initial judgment to have been manifestly unjust." (internal quotations and citation omitted)).

"By its own terms, Rule 60(b) is limited to relief from a 'final' judgment or order." *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985). "'Interlocutory orders,' such as grants of partial summary judgment, 'are not within the provisions of 60(b),

7

but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires.'" *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quoting *Zimzores*, 778 F.2d at 266, and citing *Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 858, 862 (5th Cir.1970) (noting that an "interlocutory order" is "not subject to being vacated under Rule 60(b)")).

Here, no final judgment has been entered. Although the Court, after accepting the undersigned's previous Amended Findings, Conclusions, and Recommendation, entered judgment dismissing all of the Smallwoods' claims against Bank of America and Willow Way, that judgment was vacated as premature before the Smallwoods filed their pending motion.

But, by entering an order that accepted the undersigned's recommendation to grant Bank of America and Willow Way's motions to dismiss, the Court dismissed all of the Smallwoods' claims – some with prejudice and some without – against both of the remaining defendants. And whether the Court's order constitutes a "final" order that falls under Rule 60(b), or an interlocutory order that may be revised under Rule 54(b), is unclear under the existing law in this circuit.

In the context of determining its own appellate jurisdiction over appealed orders, the United States Court of Appeals for the Fifth Circuit has stated that "the appealability" – and, thus, finality – "of an order depends on its effect." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976) (quoting *Carr v. Grace*, 516 F.2d 502, 503 n.1 (5th Cir. 1975)."A dismissal 'without prejudice' may arguably approximate a stay," *Carr*, 516 F.2d at 503-504, and not a final order, where the plaintiff is able to

8

refile her claim, *see id.* at 503 n.1 ("Initially, some question might be raised concerning the appealability of a dismissal 'without prejudice.' Under the peculiar circumstances of this case, we have no difficulty in concluding that a dismissal even 'without prejudice' after the statute of limitations has run is a final order for purposes of appeal."); *accord Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) ("A dismissal without prejudice normally does not qualify as an appealable final judgment because the plaintiff is free to re-file the case."); *cf. Hodgkins v. Mukasey*, No. 07-10981, 2008 WL 828951, at *2 (5th Cir. Mar. 26, 2008) (unpublished) (holding that where a district court grants a defendant's motion to dismiss for improper venue and dismisses the case without prejudice, per the plaintiff's request, instead of transferring the case to an appropriate venue, the dismissal without prejudice is not a final order); *Gray v. Fidelity Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981) (holding that, because the district court dismissed the case without prejudice "after the statute of limitations had run, the dismissal is a final order"). *But see Westlake Styrene Corp. v. P.M.I. Trading, Ltd.*, No. 03-20082, 2003 WL 21418145, at *1 (5th Cir. June 13, 2003) (unpublished) (holding that an order of dismissal, even without prejudice, that disposes of all of a plaintiff's claims and "leav[es] the district court nothing more to do than to execute the judgment" is a final decision).

Here, the order that dismissed the Smallwoods' claims both with and without prejudice does not appear to function as a final order within the purview of Rule 60(b). The Court, by accepting the undersigned's recommendation, specifically recognized that the Smallwoods could replead at least some of their claims and cure the defects

9

that prompted dismissal. *See* Dkt. No. 42 at 19 (recommending dismissal of the Smallwoods' IIED claim without prejudice "because it is not clear that they have pleaded their best case"). Indeed, the Court entered judgment, and then vacated it as premature, because the Court's order dismissing the Smallwoods' claims did not cut off the Smallwoods' ability to pursue them in this Court.

Because the Smallwoods could have immediately refiled at least some of their claims following their dismissal, the Court's order accepting the undersigned's previous recommendation is not a final order, and Rule 60(b) does not apply. Rule 54(b) – and its less exacting standard for revising interlocutory orders – governs.

Insofar as the remaining arguments made in Bank of America's response can be applied in a Rule 54(b) context, they fail to persuade.

Bank of America contends that, because the 2015 Lawsuit was filed just eleven days before the March 3, 2015 foreclosure, "[c]learly, Plaintiffs *could have* raised issues related to the March 2015 foreclosure in that suit." Dkt. No. 57 at 3 (emphasis in original).

But the Fifth Circuit has "specifically reject[ed] the idea that every time something happens after a lawsuit is filed the plaintiff must immediately amend or risk losing that claim forever." *See Welsh v. Fort Bend Indep. Sch. Dist.*, 860 F.3d 762, 767 (5th Cir. 2017) (holding that the only claims barred by claim preclusion are those that were mature at the time that the plaintiff filed her previous case); *accord Meachum v. Bank of New York Mellon Trust Co. N.A.*, No. 3:13-cv-2322-N-BF, 2014 WL 7906638, at *5 (N.D. Tex. Dec. 16, 2014) (finding that the fourth element of claim

preclusion was not satisfied where, "[i]n the prior action, all of [the p]laintiff's claims arose out of a nucleus of facts that occurred prior to the" event on which the plaintiff's new claim was based), *adopted in part, rejected in part*, 2015 WL 765982 (N.D. Tex. Feb. 20, 2015), *aff'd*, 636 F. App'x 210 (5th Cir. 2016). The Smallwoods, to preserve their statute of limitations claim, were not required to raise them in the 2015 Lawsuit.

And the undersigned notes that, even if the Court were to apply the Rule 60(b) "extraordinary circumstances" standard that Bank of America argues for, relief would be warranted here. Bank of America's sole argument against granting the Smallwoods Rule 60(b) relief – that the Smallwoods have not shown extraordinary circumstances because they "*could have*" raised foreclosure issues in the 2015 Lawsuit, Dkt. No. 57 at 3 – is contrary to law in this circuit, as discussed above.

In contrast, the undersigned finds that extraordinary circumstances exist to grant the Smallwoods relief because of the clear risk of injustice to the Smallwoods, *see Buck*, 137 S. Ct. at 778, and because the initial order itself is manifestly unjust, *cf. Edward H. Bohlin*, 6 F.3d at 357 (affirming the trial court's denial of a Rule 60(b) motion where "the initial order of dismissal was not shown to be manifestly unjust" because the movant had failed to offer evidence of the trial court's personal jurisdiction over the defendant). While the Smallwoods suffer an injustice in the Court's improperly dismissing their claim with prejudice, the order itself is manifestly unjust because the undersigned's incorrect application of settled claim preclusion law to the undisputed facts of this case fails even plain error review.

The undersigned acknowledges, as Willow Way points out in their response, that the Smallwoods should have raised a timely objection to the undersigned's Amended Findings, Conclusions, and Recommendation regarding their statute of limitations claim. But their failure to timely object does not prevent the Smallwoods from seeking appellate review of the Court's order under a plain error standard, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), and the undersigned knows of no authority suggesting that a party's failure to object to a magistrate's determination that is incorrect under even a plain error standard bars the Court from revising its own order accepting the magistrate judge's conclusions and recommendation. To the contrary, even in the absence of objections, and after it enters an order accepting a magistrate's report, a court can conduct a plain error review of the undersigned's findings, conclusions, and recommendation when a party moves for reconsideration. *See Baylor Health Care Sys. v. Equitable Plan Servs., Inc.*, 955 F. Supp. 2d 678, 690 (N.D. Tex. 2013) (conducting, on motion for reconsideration, a plain error review of the magistrate judge's conclusion on a particular issue after neither party specifically objected to the magistrate judge's conclusion on that issue and the court entered an order accepting the magistrate judge's determination) (citing *Taita Chem Co. V. Westlake Styrene, LP*, 351 F.3d 663, 669 (5th Cir. 2003)).

Even though the Smallwoods did not object to the undersigned's Amended Findings, Conclusions, and Recommendation, the Court can review and revise its order accepting the undersigned's conclusion the Smallwoods' statute of limitations claim was barred where that conclusion fails plain error review.

In the remainder of its response, Willow Way, in lieu of responding further to the Smallwood's Motion for Reconsideration, restates their previous objections to the undersigned's Amended Findings, Conclusions, and Recommendation. *See* Dkt. No. 44. Willow Way contends that the Smallwoods' breach of contract and IIED claims should be dismissed with prejudice as to Willow Way because they are precluded by the 2015 Lawsuit, arguing that because the Smallwoods filed an amended complaint in the 2015 Lawsuit after the foreclosure sale had occurred, the Smallwoods should have raised their breach of contract and IIED claims then and are precluded from doing so now.

The undersigned concludes that, despite Willow Way again raising arguments that were previously considered and rejected by the Court under a *de novo* standard of review, the Smallwoods are not precluded by the 2015 Lawsuit from repleading their breach of contract and IIED claims.

Federal Rule of Civil Procedure 72 provides that "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). After Willow Way objected to the Amended Findings, Conclusions, and Recommendation, raising the same arguments that it presents here, the Court conducted a *de novo* review of the objected-to portions of the undersigned's Amended Findings, Conclusions, and Recommendation and was unpersuaded by Willow Way's position.

But, more importantly, and as explained above, the only claims barred by claim preclusion are those that were mature at the time that a plaintiff filed her previous case, and the Fifth Circuit has declined to require plaintiffs to continuously amend

their pleadings to avoid losing claims that were not ripe when the litigation began. *See Welsh*, 860 F.3d at 767. Because the Smallwoods' breach of contract and IIED claims are based on the foreclosure sale that occurred after the 2015 Litigation began, the Smallwoods are not precluded from asserting breach of contract and IIED claims against Willow Way now, and those claims were properly dismissed without prejudice.

In their response, Willow Way also makes an argument, for the first time in this case, that the Smallwoods' breach of contract claim against them should be dismissed because Willow Way was never in privity with the Smallwoods. But, even if the Court were to entertain that argument here, the undersigned's determination that the Smallwoods' breach of contract claim against Willow Way should be dismissed without prejudice, based on the facts and arguments before the Court at the time, was not so obviously incorrect as to fail under plain error review.

The undersigned concludes that, because the Smallwoods' claim to void the Substitute Trustee's Deed based on the statute of limitations accrued once the foreclosure sale was conducted on March 3, 2015, and because that foreclosure sale took place after the 2015 Lawsuit was filed on February 20, 2015, the Smallwoods' statute of limitations claim is not precluded by the 2015 Lawsuit.

**Recommendation**

For the reasons explained above, the Court should grant Plaintiffs' Motion for Reconsideration of Approval of Findings and Conclusions of Magistrate and to Set Aside Certain Findings and Conclusions of Magistrate [Dkt. No. 53] and modify its Order Accepting Findings and Recommendation of the United States Magistrate Judge

14

[Dkt. No. 46] to provide that Defendant Bank of America, N.A.'s Motion to Dismiss [Dkt. No. 8] and Willow Way LLC, Richard Anderson and Anderson Vela's Motion to Dismiss [Dkt. No. 19] are denied as to Plaintiffs Ernest C. Smallwood, Jr., and Eartha Y. Smallwood's statute of limitations claim and that Plaintiffs Ernest C. Smallwood, Jr., and Eartha Y. Smallwood's statute of limitations claim is not dismissed and may proceed in this case.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass*, 79 F.3d at 1417.

DATED: December 7, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE