IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERNEST C. SMALLWOOD, JR., et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:17-cv-242-G-BN |
| | § | |
| WILLOW WAY, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. *See* Dkt. No. 3.

Defendants removed the case to this Court on January 26, 2017. *See* Dkt. No. 1. Defendants Barrett Daffin Frappier Turner & Engel, LLP; Richard Anderson; and Anderson Vela, LLP were later voluntarily dismissed. *See* Dkt. No. 36. Defendants Bank of America, N.A. and Willow Way, LLC then each filed a Motion to Dismiss. *See* Dkt. No. 8 & 19.

In an Amended Findings, Conclusions, and Recommendation dated June 29, 2017, the undersigned recommended that the Court dismiss with prejudice Plaintiffs' claims for violation of the statute of limitations, quiet title, trespass to title, negligent misrepresentation, and breach of common law tort of unreasonable collections efforts. *See* Dkt. No. 46. And the undersigned recommended that the Court dismiss without prejudice Plaintiffs' claims for breach of contract and intentional infliction of emotional

distress. *Id.* The Court then entered an Order accepting the undersigned's findings, conclusions, and recommendation. *See* Dkt. No. 46.

Plaintiffs filed a Motion for Reconsideration of Approval of Findings and Conclusions of Magistrate and to Set Aside Certain Findings and Conclusions of Magistrate. *See* Dkt. No. 53. In the Findings, Conclusions, and Recommendation issued on December 7, 2017, the undersigned recommended that the Court grant Plaintiffs' motion and modify its Order Accepting to provide that Defendants' respective Motions to Dismiss were denied as to Plaintiffs' statute of limitations. *See* Dkt. No. 60. The Court issued an Order accepted these findings. *See* Dkt. No. 63.

Subsequently, Bank of America and Willow Way filed a Motion for Summary Judgment. *See* Dkt. 78 & 81. Plaintiffs also filed a Motion for Summary Judgment. *See* Dkt. No. 84.

For the reasons explained below, the undersigned recommends that the Court grant Bank of America's Motion for Summary Judgment [Dkt. No. 78], grant Willow Way's Motion for Summary Judgment [Dkt. No. 81], and deny Plaintiffs' Motion for Summary Judgment [Dkt. No. 84].

## Background

In October 2004, Plaintiffs Ernest C. Smallwood, Jr., and Eartha Y. Smallwood ("Plaintiffs" or "the Smallwoods") purchased a home (the "Property") by executing a note (the "Note") in favor of Countrywide Home Loans, Inc. and secured by a deed of trust (the "Deed of Trust").

About four years later, on April 4, 2008, the Smallwoods were declared to be in default, and the Note was accelerated.

The Deed of Trust was later assigned to Bank of New York Mellon ("BNYM"), and a formal assignment was recorded on April 19, 2011.

On February 20, 2015, the Smallwoods filed a lawsuit (the "2015 Lawsuit") against Bank of America, N.A. ("Bank of America") and BNYM in response to a threatened foreclosure, which occurred some time after the Smallwoods filed the 2015 Lawsuit. *See Smallwood v. Bank of Am. N.A., et al.*, Case No. 3:15-cv-601-M-BK; *see also* Dkt. No. 38 at 2 (the Smallwoods noting that "Willow Way has admitted that its claim to ownership is based on a foreclosure sale conducted on March 3, 2015").

BNYM eventually sold its interest in the Property to Defendant Willow Way, LLC ("Willow Way") in 2016. Willow Way then filed an action to evict and remove the Smallwoods from possession of the Property.

The Smallwoods filed this lawsuit shortly thereafter. In their Original Petition for Temporary Restraining Order and Application for Temporary Injunction (the "State Court Petition"), the Smallwoods assert, against multiple defendants, multiple claims, including a statute of limitations claim and claims for quiet title and trespass to try title, negligent misrepresentation, intentional infliction of emotional distress ("IIED"), breach of contract, and breach of common law tort of unreasonable collection efforts.

Bank of America and Willow Way, the only defendants now remaining in the action, filed motions to dismiss, *see* Dkts. No. 8 & 19, contending that the Smallwoods' causes of action in this lawsuit are precluded by the 2015 Lawsuit. Defendants

alternatively argued under Federal Rule of Civil Procedure 12(b)(6) that the Smallwoods had failed to state a claim as to any of their causes of action.

In their late-filed response, the Smallwoods responded that they "specifically pleaded ... a cause of action based upon the Texas four year statute of limitations." Dkt. No. 38 at 1. They did not contest Defendants' arguments that the statute of limitations claim is barred by res judicata and that they had failed to plausibly state any other claim of relief.

In an Amended Findings, Conclusions, and Recommendation dated June 29, 2017, the undersigned concluded that Bank of America and Willow Way's motions to dismiss should be granted and that Court should dismiss with prejudice the Smallwoods' claims for violation of the statute of limitations, quiet title and trespass to try title, negligent misrepresentation, and breach of common law tort of unreasonable collection efforts; and should dismiss without prejudice the Smallwoods' claims for breach of contract and IIED.

After considering the only objections filed, the Court entered an order accepting the undersigned's Amended Findings, Conclusions, and Recommendation. The Court also entered judgment but soon after vacated that judgment as premature.

On September 27, 2017, the Smallwoods filed their Motion for Reconsideration of Approval of Findings and Conclusions of Magistrate and to Set Aside Certain Findings and Conclusions of Magistrate that is before the Court (the "Motion for Reconsideration"), arguing that the undersigned's conclusion as to their statue of limitations claim was incorrect.

4

In Findings, Conclusions, and Recommendation issued on December 7, 2017, the undersigned noted that it recommended that the Court grant Plaintiffs' motion and modify its order accepting to provide that Defendants' respective Motions to Dismiss were denied as to Plaintiffs' statute of limitations claim. *See* Dkt. No. 60.

Plaintiffs did not replead the claims for breach of contract and intentional infliction of emotional distress, which the Court dismissed without prejudice, and so only Plaintiffs' statute of limitations claim remains. As to that claim, Bank of America and Willow Way have filed their respective, pending Motion for Summary Judgment. *See* Dkt. 78 & 81. And Plaintiffs filed a Motion for Summary Judgment. *See* Dkt. No. 84.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the

5

nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

   "Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.") (internal quotation marks and footnotes omitted). The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all

justifiable inferences are to be drawn in [his or her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted).

"Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.") (internal quotation marks and footnote omitted). Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted).

If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to

find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

"When parties file cross-motions for summary judgment, [the Court] review[s] each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Duval v. N. Assur. Co. of Am.*, 722 F.3d 300, 303 (5th Cir. 2013) (footnote and internal quotation marks omitted).

## Analysis

Defendant Bank of America argues that it is entitled to summary judgment

because (1) it was entitled to foreclose on the property because Bank of America's unilateral rescission of Plaintiffs' mortgage debt acceleration reset the four-year statute of limitations period for foreclosure on a mortgage property and (2) the doctrine of *res judicata* bars the re-litigation of Plaintiff's claim in this suit.

Defendant Willow Way also argues for a valid foreclosure under the unilateral rescission theory and the bar on re-litigation under *res judicata* and asserts an affirmative defense of release from Plaintiffs' claims based on a settlement agreement between Bank of American and Plaintiffs.

Plaintiffs argue in their motion that they are entitled to summary judgment because the foreclosure was void where it fell outside the four-year statute of limitations and that Plaintiff did not receive any purported rescission documents.

The undersigned recommends that the Court grant Bank of America's Motion for Summary Judgment, grant Willow Way's Motion for Summary Judgment, and deny Plaintiffs' Motion for Summary Judgment.

Under Texas law, "[a] person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE. § 16.035(a). Moreover, "[o]n the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void." *Id*. § 16.035(d).

But, "[e]ven when a noteholder has accelerated a note upon default, the holder can abandon acceleration if the holder continues to accept payments without exacting

any remedies available to it upon declared maturity." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566-67 (Tex. 2001). The United States Court of Appeals for the Fifth Circuit in *Boren v. U.S. National Bank Association* held that,

> [b]ecause the Texas Supreme Court has not decided whether a lender may abandon its acceleration of a loan by its own unilateral actions and, if so, what actions it must take to effect abandonment, we must make an "Erie guess" as to how the Court would resolve this issue. The Texas Supreme Court would likely hold that a lender may unilaterally abandon acceleration of a note ... by sending notice to the borrower that the lender is no longer seeking to collect the full balance of the loan and will permit the borrower to cure its default by providing sufficient payment to bring the note current under its original terms.

807 F.3d 99, 105 (5th Cir. 2015).

Here, Bank of America and Willow Way have respectively shown that Plaintiffs obtained a mortgage on the Property and signed a note in favor of Countrywide Home Loans, Inc. *See* Dkt. No. 79 at 2; Dkt. No. 82 at 2. In April 2011, the mortgage was assigned to a third party, for which Bank of America acted as the loan servicer. *See* Dkt. No. 79 at 3; Dkt. No. 82 at 2. Because of Plaintiffs' failure to cure a subsequent default, Bank of America accelerated the loan on April 4, 2008. *See* Dkt. No. 79 at 4; Dkt. No. 82 at 2. But Bank of America later rescinded the acceleration, issuing "four separate letters sent via certified mail to Plaintiffs." Dkt. No. 79 at 4; Dkt. No. 82 at 5. Each notice advised Plaintiffs that Bank of America "rescind[ed] the notice of acceleration date 02/03/09 and all prior notices." Dkt. No. 79, Ex. B-7 at 1; Dkt. No. 82-1, Ex. A-1 at 1. Following the rescission in April of 2008, Bank of America accelerated the mortgage again on April 27, 2011, and the property was finally foreclosed on March

10

3, 2015. *See* Dkt. No. 79 at 4; Dkt. No. 82 at 17.

Bank of America and Willow Way argue that, under *Leonard v. Ocwen Loan Servicing, L.L.C.* and *Holy Cross Church of God in Christ v. Wolf,* "the statute of limitations period [for foreclose] can be reset with abandonment, and the loan may be re-accelerated at a later date if acceleration is abandoned." Dkt. No. 92 at 3; Dkt. No. 17-19. And, they argue, "[b]ased on the [second] acceleration on April 27, 2011, the four-year limitations period had not expired when the foreclosure sale occurred on March 3, 2015.*" Id.* at 4. *See also* Dkt. No. 17-19.

Plaintiffs – in both their motion for summary judgment and in response to the defendants' respective motions for summary judgment – contend that the four rescission notices were ineffective in terminating the initial four-year statute of limitations because Plaintiffs did not receive them. *See* Dkt. No. 84-1 at 5.

But, as Bank of America and Willow Way show, the argument fails as a matter of law. *See* Dkt. No. 92 at 4; Dkt. No. 93 at 1. Under Texas law, "[r]escission or waiver of acceleration is effective if made by a written notice of a rescission or waiver served as provided in Subsection (c) by the lienholder, the servicer of the debt, or an attorney representing the lienholder on each debtor who, according to the records of the lienholder or the servicer of the debt, is obligated to pay the debt," and

> [s]ervice of a notice under [Section 16.038(b)] must be by first class or certified mail and is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service.

Tᴇx. Cɪᴠ. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ. § 16.038(b)-(c).

Here, Bank of America and Willow Way proffer evidence to show that each of the four notices had been sent by first-class mail to the last – and only – address at which Plaintiffs claim to reside. *See* Dkt. No. 79-3, Ex. B-7; Dkt. No. 82-1, Ex. A-1; Dkt. No. 82-2. And Bank of America and Willow Way submit an affidavit of a person knowledgeable of the facts of service. *See* Dkt. No. 79-2, Ex. B at 2; No. 82-1, Ex. A at 1; Dkt. No. 82-2 at 2-3.

In their response, Plaintiffs asserted that the Court should not grant the defendants' summary judgment motions because Bank of America's affidavits failed to "establish that the letter was mailed to, or received by the Plaintiffs." Dkt. No. 91 at 4. And they argue that Willow Way "proffers an employee's affidavit who purports to be a business records custodian of [Bank of America], and who concludes, without establishing personal knowledge, that the rescission letter was sent to Plaintiffs."*Id*. In the alternative, Plaintiffs argue that, even if the Court relies on the affidavits as "some evidence of mailing of the Rescission letter," and even if "the rebuttable presumption could arise under Texas law that the Plaintiffs received the letter," the affidavits of the Plaintiffs [Exhibits 1 and 2] rebut the presumption of receipt and raise a genuine issue of material fact as to whether the Plaintiffs received any notice of the noteholder's rescission of the acceleration." *Id*. at 5-6.

Bank of America and Willow Way both counter by arguing that Texas law – under both Texas Civil Practice and Remedies Code § 16.038(c) and as explained in *De La Garza v. Bank of America, N.A.*, No. 5:15-CV-180-DAE, 2016 WL 950963 (W.D. Tex.

12

Mar. 7, 2016) – does not require actual receipt of the notice. Under almost identical factual circumstances, where the plaintiff opposed a summary judgment by claiming to have never received a notice of rescission of acceleration, the court in *De La Garza* held that "rescinding acceleration is 'complete when the notice is deposited in the United States mail ... and addressed to the debtor at the debtor's last known address.' There is no genuine dispute of the material fact that [Defendant] sent the Notice of Rescission to Plaintiff to her last known address via certified United States mail." *De La Garza*, 2016 WL 950963, at *4 (quoting TEX. CIV. PRAC. & REM. CODE § 16.308(c)).

And the Fifth Circuit has reached a similar conclusion as to Texas Property Code Section § 51.002(e), which provides that

> [s]ervice of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service.

TEX. PROP. CODE § 51.002(e). Faced with an argument that a borrower "did not receive notice of the sale as required by Section 51.002 of the Texas Property Code," the Fifth Circuit explained:

> Service of notice is complete when the notice is sent via certified mail. Tex. Prop.Code § 51.002(e). "The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." *Id.* BAC satisfied its burden of proof by presenting evidence of mailing the notice and an affidavit to that effect. There is no requirement that Martins receive the notice.

*Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013).

Applying this authority, another judge in this circuit held in analogous circumstances

that:

> having reviewed all the evidence before it, the Court finds that no fact issue exists as to the notice given to Plaintiffs. Under the Texas Property Code, service of notice of a foreclosure sale is complete when the notice is sent via certified mail, and "[t]he affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." Tex. Prop. Code § 51.002(e). Defendant has provided such prima facie evidence here. In Texas, there is not a requirement that Plaintiff receive the notice in order for it to be valid and effective. *Martins v. BAC Home Loans Serv.*, L.P., 722 F.3d. 249, 256 (5th Cir. 2013) ("There is no requirement that Martins receive the notice"). Indeed, Plaintiffs' own affidavits do not challenge that notices were sent, merely that they were not received. When there is prima facie proof of notice, an argument that a borrower did not receive the notice is not enough to create a fact issue as to a defect in the foreclosure sale proceedings to prevent summary judgment on his wrongful foreclosure claim. *See id.* (affirming grant of summary judgment dismissing wrongful foreclosure claim, finding there was no fact issue as to defect where the plaintiff argued that he did not receive notice of the sale); *Bassknight v. Deutsche Bank Nat. Trust Co.*, 2014 WL 6769085, 5-6 (N.D. Tex. 2014) (finding that borrowers' "bald allegation that they did not receive the required pre-foreclosure notices" did not raise a genuine fact dispute for trial). While their summary judgment evidence may create a fact issue as to actual receipt of the notices, Plaintiffs have not created a fact issue regarding Defendant's mailing of the notices to them. Actual receipt is simply not relevant to any claims here.

*Harris v. U. S. Bank N.A.*, Civ. No. 4:12-cv-696, 2015 WL 865483, at *4 (E.D. Tex. Feb. 26, 2015) (emphasis omitted). The Fifth Circuit similarly, in the context of a deed of trust's notice requirement that tracked Section 51.002(e), rejected a borrowers' assignee's

> assertion that the [borrowers'] testimony of non-receipt of the notices creates a fact issue requiring trial. Paragraph fifteen of the deeds of trust requires only constructive notice: "Any notice to Borrower in connection with [the deeds of trust] shall be deemed to have been given to Borrower when mailed by first class mail...." That paragraph is thus akin to Section 51.002(e) of the Texas Property Code, which defines service of certain foreclosure-related notices to be "complete when the notice is deposited

14

in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." In interpreting Section 51.002(e), Texas courts have recognized that the dispositive inquiry "is not receipt of notice, but, rather, service of notice." For that reason, they have held there to be no genuine dispute as to the sending of notices required under Section 51.002 when the sole contravening evidence is the homeowner's affidavit asserting non-receipt. *Adebo*, 2008 WL 2209703, at *4. LSR points out that in *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 140 (Tex. App. – Corpus Christi 2008, no pet.), the court held that the homeowner's testimony of non-receipt created a fact issue as to whether he was served with the statutorily required notice. Unlike here and in *Adebo*, however, in *Sauceda* the mortgage servicer provided no supporting documentation showing that it had served notice. Applying the reasoning in *Adebo* to the notice and service provisions under the instant deeds of trust, we can only conclude that the Karnas' self-serving protestations of non-receipt of notice do not create a genuine dispute as to whether Wells Fargo mailed notices of intent to accelerate. We thus affirm summary judgment on the wrongful-foreclosure claims.

*LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (footnotes omitted).

Based on this authority interpreting and applying these Texas statutory requirements, the undersigned is not persuaded that the Texas Supreme Court would apply to these statutory requirements its earlier holdings that "a testimonial denial of the receipt of a letter constitutes some evidence that the letter was not mailed" and "proof of nonarrival ordinarily constitutes some evidence that a letter was not mailed." *Sudduth v. Commonwealth Cty. Mut. Ins. Co.*, 454 S.W.2d 196, 197, 198 (Tex. 1970). The undersigned reaches this conclusion based on the authority discussed here and the fact that Fifth Circuit similarly rejected application of the *Suddurth* propositions in *LSR Consulting*, in which the Court of Appeals noted that the borrowers' assignee also "cite[d] *Coleman v. Wells Fargo Bank*, No. 09-03-598 CV, 2004 WL 2750240 (Tex. App.

15

– Beaumont 2004, no pet.) (per curiam) (mem. op.), holding that by filing two affidavits averring non-receipt of the notice required by Section 51.002(d), the homeowner had raised a question of material fact defeating summary judgment." *LSR Consulting*, 835 F.3d at 535 n.10. The Fifth Circuit explained that "[t]he *Coleman* court, however, ignored Section 51.002(e). So it is not directly relevant." *Id.* The *Coleman* court, in turn, has explained: "The Supreme Court of Texas has held that proof of nonarrival constitutes some evidence that a letter was not mailed. *See Sudduth v. Commonwealth County Mut. Ins. Co.*, 454 S.W.2d 196, 197-98 (Tex. 1970)." *Coleman*, 2004 WL 2750240, at *2.

Here, both Bank of America and Willow Way have shown that the rescission letters were sent by certified mail to "Plaintiff's last known address, [which] ... is the <u>one and only address</u> where Plaintiffs <u>concede</u> they have reside at all times material to this proceeding." *See* Dkt. No. 93 at 3 (emphasis in original); *accord* Dkt No. 92 at 5 ("[Bank of America] has conclusively established that rescission letters were deposited in the United States mail, certified mail, return receipt requested, postage prepaid, and sent to Plaintiffs at 110 Natches Trace, Coppell, Texas 75019, the only address where Plaintiffs concede they have resided at all times material to this lawsuit." (footnote omitted)); *id.* at 5 n.13 ("And, both Smallwoods confirm in their summary judgment affidavits they 'reside at 110 Natches Trace, Coppell, Texas 75019 (the 'Property'), and we have resided together at that address at all times material to this proceeding.' Plaintiffs' Brief in Support of Motion for Summary Judgment (Doc.

84-1) at Exhibits 2-3 thereto.").

The document reflecting the mailing of the four notices by certified mail and the affidavits proving up those documents' authenticity are sufficient summary judgment evidence of completed service as Section 16.308(c) requires. *See* Dkt. No. 79-3, Exs. B, B-2, & B-7; Dkt. No. 82-1, Exs. A & A-1; Dkt. No. 82-2. Under the Rule 56 standard, even (as the Court must) considering all evidence and viewing all facts and drawing all reasonable inferences in the light most favorable to Plaintiffs and resolve any disputed factual controversies in Plaintiffs' favor, the Court should conclude that there is no genuine dispute of the material fact that the rescission letters were mailed to Plaintiffs as Texas law requires.

Finally, as Willow Way argues, Plaintiffs' attack on Willow Way's affidavit for lack of personal knowledge fails in its attempt to proffer evidence of Plaintiffs' non-receipt and that there is a genuine issue of material fact.

As to the service of the rescission, the Texas Civil Practice and Remedies Code Section § 16.038(c) mandates that for service of notice "[t]he affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." TEX. CIV. PRAC. & REM. CODE § 16.308(c). In an identical provision, the Texas Property Code Section § 51.002(e) outlining the service of notice required for foreclosure, which mandates that for service of notice "[t]he affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service. TEX. PROP. CODE § 51.002(e). As Willow Way argues, in interpreting the "personal knowledge" provision of Texas Property Code § 51.002(e),

17

courts in this district had held that, "[c]ontrary to Plaintiffs' suggestion, there is no requirement that [an affiant] have personally participated in the process of sending the notices." *Bassknight v. Deutsche Bank Nat. Tr. Co.*, No. 3:12-CV-1412-M BF, 2014 WL 6769085, at *6 (N.D. Tex. Dec. 1, 2014), *aff'd*, 611 F. App'x 222 (5th Cir. 2015). And the court in *Rodriguez v. U .S. Bank, N.A.*, held that,

> by implication, Plaintiffs suggest that the law requires an affidavit from someone that actually participated in the process of sending the notice via certified mail. This requirement is nowhere to be found in either the text of the statute or the case law applying it. Moreover, such an interpretation disregards the fact that it is common in civil litigation to permit corporate representatives to testify based on their review of business records.... [T]his Court's conclusion [is] that a corporate representative ... can gain "personal knowledge" within the meaning of the statute by reviewing business records.

No. SA-12-CV-345-XR, 2013 WL 5948002, at *2 (W.D. Tex. Nov. 5, 2013). And another court has persuasively rejected a plaintiff's argument that an affiant had "relie[d] entirely on information within [a party's] business records, rather than relying on personal knowledge of the specific employee that deposited the Notice of Rescission in the mail, and that 'no mail log, proof of mailing, [or] certified mail' was attached to the affidavit":

> Section 16.038 does not require as much – the statute simply states that "[t]he affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." Tex. Civ. Prac. & Rem. Code Ann. § 16.038(c). It does not require the affiant to be knowledgeable of who specifically sent the notice, nor does it require proof of mailing; the statute merely requires the affiant to have knowledge that "service was completed." *Id.* Wolf's affidavit declares just that. In his affidavit, Wolf testifies that he is the custodian or records at Mackie Wolf, his duties involve supervising the various notices that are dispatched as appropriate on each given matter, and that he is personally familiar with the records "regarding the default servicing activities related to the

mortgage loan of Jennifer Jorrie." (Wolf Aff. at 3.) In short, Wolf's affidavit satisfies the requirement that he was "knowledgeable of the facts as to the effect that service was completed," and thus, his affidavit constitutes prima facie evidence of service of the Notice of Rescission. (*Id.*; Tex. Civ. Prac. & Rem. Code Ann. § 16.038(c)).

*Jorrie v. Bank of N.Y. Mellon Trust Co., N.A.*, No. 5:16-CV-490-DAE, 2017 WL 6403054, at *8-*9 (W.D. Tex. Sept. 11, 2017). Under the governing law, Willow Way has shown its affidavit to be sufficient.

Based on the law and analysis of the summary judgment record above, the undersigned cannot agree with Plaintiffs' assessment that "Defendants have produced (1) affidavits from persons with no actual knowledge of mailing of the letters in question and no actual knowledge of the mailing procedures for the mailing of such letters; (2) an incomplete and ambiguous 'proof of mailing' form; and (3) no return receipts" and "that Defendants have not provided an affidavit from a 'person knowledgeable of the facts' and have not established prima facie evidence of service." Dkt. No. 91 at 6. And, based on the governing statutes and persuasive case law authority laid out above, the undersigned concludes that Plaintiffs' affidavits denying receipt of the rescission letter does not "raise[] a fact issue as to whether there was service in accordance with the statute even if the Defendants are deemed to have establish the prima facie evidence of service." *Id.* at 6-7.

For these reasons, on the summary judgment record before the Court, there is no genuine dispute as to any material fact that, as of August 4, 2009, all prior notices of acceleration were rescinded or abandoned; that Bank of America once again accelerated the Note on April 27, 2011; and that, based on the acceleration date of

April 27, 2011, when Bank of America foreclosed its lien on the Property on March 3, 2015, the four year limitations period had not expired (April 27, 2011 to March 3, 2015).

Because, on the parties' cross-motions for summary judgment, Bank of America and Willow Way are entitled to summary judgment on Plaintiffs' only remaining claim based on the analysis above, the Court need not reach the alternative arguments for summary judgment against Plaintiffs based on the bar on re-litigation under *res judicata* or an affirmative defense of release based on a settlement agreement between Bank of American and Plaintiffs.

Accordingly, the Court should conclude that there is no genuine dispute as to any material fact as to Plaintiffs' statute of limitations claim; that, correspondingly, Plaintiffs have not shown that established beyond peradventure all of the essential elements of their statute of limitations claim; and that Bank of America and Willow Way have shown that they are entitled to judgment as a matter of law in their favor on Plaintiffs' statute of limitations claim.

## Recommendation

For these reasons, the undersigned recommends that the Court grant Bank of America's Motion for Summary Judgment [Dkt. No. 78], grant Willow Way's Motion for Summary Judgment [Dkt. No. 81], deny Plaintiffs' Motion for Summary Judgment [Dkt. No.84], and dismiss Plaintiffs' remaining statute of limitations claim against Defendants Bank of America N.A. and Willow Way, LLC with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 29, 2019

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE